## UPHAM T. CRAM *v.* JESSE AIKEN *&* als.

Goods shipped on deck and lost by jettison are not entitled to the benefit of general average.

Where goods are transported by water from place to place, an usage at such places to carry a certain description of goods on deck, after the hold is full, does not render the owner of a vessel liable to contribution for the jettison of such goods, when laden on deck.

And where, by the usage of the place, such goods pay the same freight, when carried on deck as if carried in the hold ; they are not entitled to the benefit of general average, when paying full freight, if they are laden on deck and lost by jettison.

THIS was an action of *assumpsit* for contribution upon the principles of general average, against the defendants as owners of the schooner *Herald* arising from a jettison on the high seas of the plaintiff's goods, shipped on freight; on board said vessel. It was admitted, that the defendants were owners of the schooner, and it appeared, that she was employed as a general freighting vessel between *Hallowell* and *Boston*. It was agreed to be the uniform usage for general freighting vessels between *Kennebec River* and *Boston* to carry goods on deck, after the hold was full, but that generally such goods were put in the hold, as would not bear exposure to the weather ; and that by the same uniform usage, goods thus carried on deck, paid the same freight, as if carried in the hold. Of this usage it was further agreed that the plaintiff was conusant. It appeared, that for the season when the jettison happened, *Andrew Brown* had taken the vessel on shares, he victualing and manning her, and appointing the master, or acting in that capacity himself. The plaintiff had shipped the goods on board the vessel in *Boston,* to be transported to *Hallowell* for the usual freight, in *Nov.* 1834 ; and in the course of the voyage, a violent storm having arisen, they were necessarily thrown overboard from the deck, where they were carried, and thus lost, for the safety of the crew, the vessel and the other merchandize laden therein, which were thereby preserved. *Andrew Brown,* the master at the time, called by the plaintiff, testified, that in fixing the rates of freight, a less sum was established for such goods, as might be carried on deck when the hold was full, but that after the rates were fixed, the same sum was requir-

ed for freight of the same goods, whether transported in the hold or on deck. He further testified, that when the plaintiff shipped his goods, standing as he did on the margin of the wharf, and looking into the hold of the schooner, the hatches being open, he must have seen that it was nearly full; that he particularly requested that certain packages, not in controversy, should be put below in the hold; and that he had opportunity to see, that the goods in question were placed on the deck for transportation.

The *Chief Justice*, before whom was the trial, ordered a non-suit, it being agreed, that if in the opinion of the Court, the plaintiff's claim for contribution could be sustained on the ground of general average, the nonsuit should be set aside.

*Wells*, for the plaintiff, claimed to support the action on these grounds:

1. The general principle is, that the owners of the vessel in case of a jettison of goods are liable to contribution. *Abbott on Shipping*, 342, 356. The principle on which this liability exists is, that the various owners are mutual insurers for the voyage, when it shall become necessary to abandon a part to save the rest.

2. The reason why goods on deck have not in some instances been placed upon an equal footing with those in the hold, is because they are on long voyages more exposed, and therefore pay less freight; that if a man chooses to have his goods carried in a more exposed place, than those of his neighbors, because he pays a less price, then he hazards the goods for the abatement, and cannot share in the general contribution.

3. Hence it results, that generally the master has no right to put goods on deck, without the consent of the owner. It is a matter of contract. *Abbott on Shipping*, 355.

4. In the present case, it is found to be the uniform usage to carry goods on deck between *Kennebec River* and *Boston,* and that those on deck pay the same freight, as those in the hold. The navigation is not considered dangerous and the voyage is short. The reasons on which the principle is founded do not apply here. Where the usage is to carry goods on deck, contribution may be claimed for those goods which are thrown overboard from the deck. *Philips on Ins.* 322, who cites *Valin's*

*Com. tom.* 2, 205, and *Emerigon,* 140. Here is both the usage and full freight paid. The reasoning of the Court in *Dodge* v. *Bartol,* 5 *Greenl.* 286, sustains *Philips.*

5. The testimony of captain *Brown* does not contradict the usage ; and if it did in words, yet it could not destroy the agreed fact in the case of the existence of the usage. Although called by the plaintiff, and the statements drawn out on examination, still the plaintiff is not concluded by it. *Brown* v. *Bellows,* 4 *Pick.* 194. Nor does the statement, that the plaintiff saw that the goods were probably to be placed on deck, alter the case. He had no right to interfere in the loading, and besides knew the common practice. He paid the same freight for all his goods, and is equitably entitled to contribution. A decision against him will necessarily break up the present practice, and raise the price of freights.

*F. Allen,* for defendants, contended :

That in case of a jettison of goods carried on the deck of a vessel, the owner has no right to claim contribution. The rule is well established and universal. *Abbott on Shipping,* 393 ; *Philips on Ins.* 333 ; *Smith* v. *Wright,* 1 *Caine's Rep.* 44, *note ; Dodge* v. *Bartol,* 5 *Greenl.* 286 ; 3 *Kent's Com.* 192. Although goods on deck contribute, when saved, they are not entitled to contribution, when lost. *Strong* v. *F. & M. Ins. Co.* 11 *Johns. R.* 323. It is important, that a rule well known in all maritime countries should be adhered to.

The custom to put this description of goods on deck merely excuses the carrier from paying damage in case of loss, and does not touch the question of contribution. It has been said, that these goods pay the same freight, as the rest. It cannot be so, for the case expressly finds, that this description of goods pays less freight than the cargo generally does, wherever carried.

The plaintiff knew that these goods were to be carried on deck, and did not object, but expressly directed other goods to be put in the hold. He thereby assented to their being carried on deck, and ought not to complain of the law on this subject.

The opinion was delivered at a subsequent term by

WESTON C. J. — By the commercial law, goods shipped on deck, and lost by jettison, are not entitled to the benefit of gene-

ral average. Such is the law of *France*. *Commercial code, b.* 2, *art.* 421, which upon this point follows the ordinance of the marine of *Louis the fourteenth*. Such is the *English* rule, as laid down by *Abbott*, in support of which, he refers to a trial before *Lord Ellenborough*, and another before *Chambre J. Abbott on Shipping*, 344. No opposing decision in the *English* courts, has been adduced. The rule does not appear ever to have been questioned or controverted there.

In *Smith et al.* v. *Wright*, 1 *Caines*, 44, it was held that the owners of cotton in bales, laden on deck and thrown overboard for the preservation of the ship and cargo, could not recover for the jettison, against the owner of the ship. The same view of the law was taken in *Lenox* v. *The Un. Ins. Co.* 3 *Johns. Cases*, 178. And thus it has been regarded as settled in *New York*, in accordance with the general maritime law. 3 *Kent.* 240. The *New York* cases were cited with approbation as evidence of the law, in the opinion of the court in the case of *Wolcott* v. *The Eagle Ins. Co.* 4 *Pick.* 429.

To the same effect is the decision of this court in *Dodge* v. *Bartol et als.* 5 *Greenl.* 206, where the commentary of *Valin* on the ordinance of the marine is cited, in which he notices some exception to the *French* rule in regard to boats and small vessels, which must be peculiar to their navigation, as we find no evidence that it has been adopted elsewhere.

While the general law has been admitted in argument, it is insisted that this should be an excepted case, because the plaintiff paid full freight. Neither the master nor the owner can be chargeable with any fault, in putting his goods on deck. The plaintiff must be understood to have assented to their being placed there, as he knew that they could not be carried in the hold. In *Dodge* v. *Bartol*, the payment of half freight upon the goods there, was noticed as a reason why, upon principle, the owner should have less protection ; but it is not the reason generally given for withholding from goods laden upon deck, and lost by jettison, the benefit of general average. The cause assigned is, because goods there laden are peculiarly exposed to peril, and increase the difficulty of the navigation. It is desirable that uniformity should be observed, in deciding upon questions of mari-

time law, in which all commercial nations are interested.  Exceptions to be allowed, should be as well established as the rule ; and we find no sufficient authority for the exception contended for, in the case under consideration.

*Nonsuit confirmed.*